The bill in this cause, brought for another trial of the issue in an action of assault and battery, was dismissed, the 28 day of October, 1791, the opinion of the court being, that a motion for the new trial having been rejected by the judge before whom the verdict was found and no matters now appearing to this court, which, if they had been known to that judge, ought to have wrought a change in his sentiments, in such a case the interposition of this court would be improper.
This decree of dismission, from which the plaintiff appealed,‡ was affirmed, the 20 day of October, 1792.

This case, reported in 4 Call., 274, decides:
If the defendent has been negligent in his preparation for the trial of the cause a court of equity will not relieve against the vérdict on account of absence of witnesses, who can only prove, in substance, the same things which other witnesses can.
“If the defendant only asks one witness to attend and sends a subpoena, by a servant to another, which reaches him on the day of appearance, at so great a distance from the court where the cause is depending that there is no probability that he can reach it in time, this is a gross negligence; especially if he does not communicate those circumstances to his counsel, nor make any other preparations for the trial.
“And in such case, equity will not interfere if the judge who tried the cause, and knew what passed at the trial twice refused it upon the same representation.” — Ed.]—Note in edition of 1852.